IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY F. GREENE, III,

    Plaintiff,

vs.                                                     Case No. 10-4087-JTM

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION,

    Defendant.


MEMORANDUM AND ORDER

This case is an appeal from a decision denying Jerry F. Greene, III's application for social security benefits. Presently before the court is defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Dkt. No. 19). The court denies the motion.

**I. Factual Background**

Plaintiff filed an application for Supplemental Security Income Benefits on May 28, 2008, and an application for Social Security Disability Income Benefits on June 17, 2008, alleging disability as of January 16, 2008, because of back pain, neck pain, frequent headaches, and other ailments. The Social Security Administration (SSA) initially denied his applications on September 26, 2008, and denied them on reconsideration on January 29, 2009.

On December 16, 2009, a hearing was held before an Administrative Law Judge (ALJ). On March 4, 2010, the ALJ concluded plaintiff was not disabled within the meaning of the Social

Security Act. Plaintiff appealed, and the Appeals Council denied review on May 25, 2010. Subsequently, plaintiff filed a second application for benefits and the Commissioner found him disabled as of March 5, 2010, one day after the ALJ concluded plaintiff was not disabled in this case. Plaintiff filed the current action in this court on July 23, 2010, seeking reversal of the ALJ's decision denying him benefits. The present issue is whether plaintiff's second application resulting in a disability award necessitates a remand of this case under 42 U.S.C. § 405(g).

**II. Analysis**

Title 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the SSA. Under the statute, the Commissioner's decision will be upheld if it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Before reaching the merits of plaintiff's claim on judicial review, defendant moved to remand this case back to the Commissioner. The district court's authority to remand a social security case is limited to three carefully circumscribed instances. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). First, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2000 & Supp. 2010). This is called a "sentence four" remand. Alternatively, the court may remand a case if (1) the Secretary requests remand, for good cause, prior to filing an answer, or (2) when new and material evidence is produced and there is good cause for failing to incorporate the evidence in the earlier proceeding. *Id.* These

2

two instances are called "sentence six" remands.[1] *Melkonyan*, 501 U.S. at 98 n.1, 99.

Here, defendant specifically moves the court to enter a final judgment pursuant to Fed. R. Civ. P. 58 reversing the ALJ's decision and to remand the case to the Commissioner under sentence four. Defendant requests remand because plaintiff filed a subsequent application for benefits and was found disabled as of March 5, 2010, the day after the agency's unfavorable decision in this case. Defendant states, "[w]e request remand to determine the impact of the subsequent favorable decision on this claim." Dkt. No. 20, pg. 2. Defendant informs the court that the Appeals Council will accept remand voluntarily and will remand to the ALJ for further development if necessary. Further, defendant asserts that the Office of Hearings, Appeals and Litigation Law Manual section I-4-2-30 (known as HALLEX), necessitates a remand under sentence four. HALLEX I-4-2-30 provides, in part:

> The claimant or another SSA component may submit additional materials to the AC at any time. The materials may or may not be part of a subsequent claim that has been adjudicated. If the claimant files a subsequent application after commencing a civil action on a prior claim, the adjudicating component (i.e., the Disability Determination Service (DDS), an ALJ or the AC) will limit its consideration to the period, if any, following the period undergoing judicial review. In Title II disability claims, if the decision being reviewed by the court ruled through the date the non-disability requirements were last met, the SSA field office (FO) will prepare a technical denial notice and forward any evidence submitted in connection with the

---

[1]Sentence six provides:
The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but *only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding*; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.
42 U.S.C. § 405(g) (2000 & Supp. 2010) (emphasis added).

3

subsequent claim to OAO. If the adjudicating component makes a favorable determination or decision on the subsequent application, it will request the effectuating component to forward the case to OAO after effectuation to determine the impact, if any, of the favorable determination or decision on the pending court case.

. . .

For cases in which the adjudicating component has issued a favorable determination or decision on a subsequent claim and forwarded the claim for review, follow the procedures outlined in the Executive Director's memorandum dated October 25, 2002 (See I-4-2-101).

HALLEX I-4-2-30. *Receipt of Additional Evidence (With or Without a Subsequent Claim)—Sufficiency of the Record and Scope of Analyst Review*. First, the HALLEX Manual does not have the authority of law. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000); *see also Hills v. Astrue*, No. 09-1387, 2010 WL 5185031, at *5 (D. Kan. Dec. 15, 2010) ("[T]he provisions of HALLEX do not have the force of law, are not binding on the defendant, and do not provide a basis for the court to rule."). Second, section I-4-2-30 does not direct any party to seek remand in district court upon discovery of additional evidence. Rather, the section is a policy benchmark for the Social Security Administration when dealing with additional evidence on a previously adjudicated claim. Defendant's reliance on HALLEX is not convincing.

Plaintiff argues there are no grounds supporting a sentence four remand because such a remand is appropriate only after the district court makes a substantive ruling on the merits of his case. *See Seaborn v. Sullivan*, 822 F. Supp. 121, 124 (S.D.N.Y. 1993) ("[R]emands pursuant to sentence four follow a 'substantive ruling' by a district court, instead of merely return[ing] the case to the agency for disposition.") (quotations omitted). Even though not requested by defendant, plaintiff also opposes a sentence six remand because the defendant has filed an Answer and the evidence sought is cumulative.

As explained above, there are two types of remands available in three distinct circumstances. The Supreme Court, in *Melkonyan*, has discussed the difference between the two types of remands:

> [W]e [have] examined closely the language of § 405(g) and identified two kinds of remands under that statute: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. The fourth sentence of § 405(g) authorizes a court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. . . ."
>
> The sixth sentence of § 405(g) . . . "describes an entirely different kind of remand." The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. The statute provides that following a sentence six remand, the Secretary must return to the district court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

501 U.S. at 97-98 (alterations added) (citations omitted). "A sentence four remand is therefore proper whenever the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling." *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing *Melkonyan*, 501 U.S. at 98); *see also Tower v. Barnhart*, 89 Fed. App'x 186, 188 (10th Cir. 2004) ("The Supreme Court has held that a district court's remand order did not qualify under sentence four because it 'did not make any substantive ruling.'") (citing *Melkonyan*, 501 U.S. at 98). The defendant here requests a sentence four remand prior to this court ruling on the substance of plaintiff's disability claim. Thus, a sentence four remand is improper. The only remaining question is whether the court should remand this case under sentence six.[2]

---

[2] The essential difference between a sentence four and sentence six remand consists of the following: Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand. With a "sentence four" remand, the District Court disposes of action by final judgment and relinquishes jurisdiction, whereas, with a sentence-six remand, district court retains jurisdiction over the action pending further development by the agency.

5

Sentence six remands are appropriate when (1) the Secretary requests remand, for good cause, prior to filing an answer, or (2) when new and material evidence is produced and there is good cause for failing to incorporate the evidence in the earlier proceeding. 42 U.S. § 405(g). Because defendant has filed an answer, only the second avenue is available. To justify remand in this circumstance the evidence must be (1) new, (2) material, and (3) there must be good cause why the evidence was not presented at the earlier hearing. *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994); *Huff v. Apfel*, 2000 WL 1022270, at *2 (10th Cir. 2000). "New evidence is material if it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)). The evidence must also relate to the time period for which benefits were denied. *Heimerman v. Chater*, 939 F. Supp. 832, 833 (D. Kan. 1996).

The new evidence here is the subsequent application filed by plaintiff in which he was found to be disabled as of March 5, 2010. If the Commissioner awarded benefits on the second claim based on evidence received after the initial denial, with an onset day one day after that denial, the proximity of the Commissioner's subsequent favorable decision is likely to be of a significant and substantial character in relation to the earlier claim, and thus, material.[3] The SSA even hinted at the substantial nature the favorable decision will likely have on the earlier claim when it sent a letter to plaintiff stating, "[w]e are not able to establish onset during a time period that was already covered by the

---

30 FED. PROC., L. ED. § 71:648 (2011).

[3]On the present record, the court cannot determine whether the subsequent favorable decision was based on evidence existing after the initial denial or evidence existing at the time of the initial denial. Nevertheless, there exists a reasonable probability the subsequent favorable decision will change the outcome of the earlier denial.

Hearings process. Therefore, we are establishing onset as 03/05/2010, the day after your Hearing denial." Dkt. No. 16, Ex. 1.

Another court, dealing with nearly analogous facts, also found the proximity in time sufficient to establish good cause. *See Bradley v. Barnhart*, 463 F. Supp.2d 577, 581 (S.D.W.V. 2006). In *Bradley*, the plaintiff filed a second application alleging disability after his first application was denied. *Id.* at 578. The SSA granted the second application and found the plaintiff was disabled with an onset date one day after the denial of the initial application. *Id.* In finding good cause, the court stated, "[t]he tight time line here also provides reasonable cause to believe the new and material evidence relates to the period on or before the date of the ALJ's denial of benefits. It is important to note in this regard that the evidence need not have *existed* on or before the date of the decision. It need only *relate* to that period." *Id.* at 581. (emphasis in original). Like *Bradley*, the subsequent favorable decision here is new and material, and because good cause exists, the court remands the case to the Commissioner for further development.

Plaintiff requests the court instruct the ALJ how to proceed to avoid any errors upon remand. In his brief, plaintiff alleges several errors including failure to follow the correct legal standards, failure to provide proper weight to the medical opinions of record, the credibility determinations were not supported by the record, and the residual functional capacity conclusion was not supported by substantial evidence. The court declines specifically to instruct the ALJ or Appeals Council how to proceed on remand, except that either or both must determine the effect of the favorable decision on this claim. After the record is further developed, this court retains jurisdiction to rule upon the merits of plaintiff's disability claim if necessary.

IT IS ACCORDINGLY ORDERED this 8th day of July 2011, that defendant's Motion to Reverse and Remand and for Entry of Final Judgment (Dkt. No. 19) is denied.

IT IS FURTHER ORDERED that the Commissioner's decision is remanded pursuant to sentence six for consideration of new material evidence.

The court shall retain jurisdiction of the case during the pendency of agency proceedings.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE